## Hodgdon vs. Foster.

Since the statute of 1831, *ch.* 514, abolishing special pleading, the general issue, with a brief statement of soil and freehold, in an action of trespass *quare clausum fregit*, brought before a justice of the peace, is sufficient to bar any further proceedings before him, except the taking of a recognizance to prosecute the plea in the Court of Common Pleas; this statute having virtually repealed so much of *stat.* 1821, *ch.* 76, *sec.* 10, as requires that in such cases the title to *the locus in quo* should be specially pleaded.

The question raised in this cause appears in the opinion of the court, which was delivered by

MELLEN C. J. The general question presented in this case is whether the same is regularly before us. It is an action of trespass *quare clausum fregit*, commenced before a justice of the peace. The defendant there pleaded the general issue, and filed a brief statement, alleging, in a summary manner, that the close described was the soil and freehold of a certain person, under whom he justified. This was done according to the directions of the act of 1831, for abolishing special pleading. The defendant thereupon recognised to enter the action at the next Court of Common Pleas, in the manner by law provided, when and where the same was entered, and by order of the presiding judge was dismissed; and thereupon an appeal to this court was claimed, which was denied, on the ground that the proceedings before the justice were irregular, and also for the purpose of having the question settled, whether the provisions of the abovementioned act of 1831 are to be construed as applicable to such an action as the one before us; and whether a special plea in bar is not as necessary now in such a case, as it was before the act of 1831 was passed. The case of *Low v. Ross*, 3 *Greenl.* 256, was commenced before a justice as this was, and a plea of soil and freehold was filed in the form universally used before the act of 1831; and the action was entered by the defendant at the next Court of Common Pleas, according to his recognizance, where an

Hodgdon *v.* Foster.

issue was joined; but on the opening of the cause, the action was dismissed, because no issue had been joined before the justice. The plaintiff claimed an appeal which was refused; but this court sustained the appeal, inasmuch as no replication was necessary before the justice, he having no jurisdiction of the cause, and as an issue had been regularly joined. The cause is regularly before this court, therefore, if it was regularly before the Court of Common Pleas; because both parties have appeared and pleaded. And we are of opinion that the cause was regularly removed to that court from the justice's court, because we are satisfied that the act of 1831 was intended as a repeal of so much of the former act as *required a special* plea in bar before the justice; and that the general issue, accompanied by a brief statement of the title relied on by the defendant, must be considered as a legal and sufficient substitute for a plea in bar. It was not necessary for the plaintiff to have joined the general issue until after the entry of the action in the Court of Common Pleas; nor was it the most proper course; but still *it is an un*important circumstance, which has had no effect on the rights of the parties. *We accordingly sustain the repeal.*